# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

| | |
|---|---|
| ANDREW SHYTLE, on behalf of himself and all others similarly situated, <br><br>                    Plaintiffs, <br><br> vs. <br><br> ICOLLECT.COM, CORP., <br><br>                    Defendant. | Case No.   1:17-cv-22 <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br>      FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692 *et seq.*] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, ANDREW SHYTLE ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of ICOLLECT.COM, CORP., ("Defendant"), in negligently, knowingly, and/or willfully communicating with Plaintiff and failing to provide Plaintiff with meaningful disclosure of Defendant's identity or the nature or purpose of Defendant's calls in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

3. Venue is proper in the United States District Court for the Eastern District of Tennessee because Defendant does or transacts business in this District.

## PARTIES

4. Plaintiff, ANDREW SHYTLE is a natural person residing in the City of Athens, McMinn County, Tennessee and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. At all relevant times herein, Defendant, ICOLLECT.COM, CORP. was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. § 1692a(5). Defendant regularly attempts to collect debts alleged to be due to another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone.

## FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding consumer debt.

8. Defendant, in its attempt to collect the alleged debt owed by Plaintiff, placed telephone calls to Plaintiff's telephone.

9. The consumer debt Defendant is attempting to collect allegedly arises from a past-due account for medical services and treatments.

10. Defendant called Plaintiff's cellular telephone number numerous times in an attempt to collect the alleged debt and recorded approximately twenty (20) automated voicemail messages in Plaintiff's cellular telephone' voicemail box, containing a pre-recorded or artificial voice.

11. The voicemail messages Defendant left on Plaintiff's cellular telephone stated as follows:

Hello, this message is for, Andrew Shytle. Please contact our office at 1-866-537-5907

because we will need to disclose an important business matter with you.  It is important that we speak with you within the next 24 hours in hopes of resolution.  Many attempts have been made to contact you about this matter with no avail.  Please contact our office at 1-866-537-5907 and quote your claim number 93652.[1]

12. Defendant's voicemail messages do not inform Plaintiff of the caller's identity.

13. The voicemail message left by Defendant's phone system is an automated message consisting of a prerecorded or artificial voice and is an identical message as to all class members.

14. The only variations among the automated voice messages left for the Plaintiff and other class members, are the names and claim numbers—however, they are also produced by an automated artificial voice.

15. Defendant's voicemail messages do not alert Plaintiff that Defendant is a debt collector.

## CLASS ALLEGATIONS

16. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereinafter the "Class") defined as follows:

> All Tennessee residents who received any collection telephone calls from Defendant which resulted in Defendant leaving a voice message that is identical or substantially similar to those Plaintiff received from Defendant, which failed to inform said person of Defendant's true and full business name, or the nature or purpose for Defendant's call, or that Defendant is a debt collector, within the one year prior to the filing of this Complaint.

17. Plaintiff represents, and is a member of, the Class, consisting of all Tennessee residents who received any collection telephone calls from Defendant which resulted in Defendant leaving a voice message that is identical or substantially similar to those Plaintiff received from Defendant, which failed to inform said person of Defendant's true and full business name, or the nature or purpose for Defendant's call, or that Defendant is a debt collector,

---

[1] Plaintiff is in possession of true and correct copies of Defendant's messages and can provide a copy of said messages via Compact Disc ("CD") to this Honorable Court upon request.

within the one year prior to the filing of this Complaint.

18. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number is in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

19. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

20. Common questions of fact and law exist as to all members of the Class, which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between the Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

   a. Whether Defendant has a policy of communicating with consumers in connection with the collection of an alleged debt wherein Defendant fails to inform said consumers of Defendant's true and full business name, or the nature or purpose for Defendant's calls, or that Defendant is a debt collector;

   b. Whether Defendant has communicated with consumers in connection with the collection of an alleged debt wherein Defendant fails to inform said consumers of Defendant's true and full business name and/or the nature or purpose for Defendant's calls, or that Defendant is a debt collector; and

4

c. The nature and extent of damages and other remedies to which the conduct of Defendant entitles the Class members.

21. As a person that received collection calls from Defendant wherein Defendant fails to inform said consumers of Defendant's true and full business name and/or the nature or purpose for Defendant's calls, or that Defendant is a debt collector, Plaintiff is asserting claims that are typical of the Class.

22. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

23. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

5

25. Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Tennessee Class as a whole.

## **VIOLATION OF THE**
## **FAIR DEBT COLLECTION PRACTICES ACT**
(By Plaintiff and the Class Against Defendant)

26. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full herein.

27. Based upon the foregoing, Defendant's conduct violated the FDCPA as follows:

   a. Placing telephone calls without providing meaningful disclosure of the caller's identity in violation of § 1692d(6);

   b. Failing to advise a consumer in all subsequent communications that Defendant is a debt collector in violation of § 1692e(11); and

   c. Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose in violation of § 1692e(11).

28. Plaintiff alleges that to the extent that Defendant's actions, detailed above, violated the FDCPA, those actions were done knowingly and willfully.

29. As a direct and proximate result of Defendant's violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, Plaintiff and the members of the Class have suffered injury, and may each recover from Defendant one-thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

30. The violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage

6

in these practices, and will not cease doing so unless and until forced to do so by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

1. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

2. For statutory damages of $500,000.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to 15 U.S.C. § 1692k;

3. For reasonable attorneys' fees and costs of suit; and

4. For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully Submitted,

Dated:   January 19, 2017

By: ___/s/_____

Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
E-mail: shireen@agrusslawfirm.com
E-mail: shireen@norcrosslawfirm.com
Attorney for Plaintiff

7